BENJAMIN H. BLUM *v.* ARLENE G. BLUM

[No. 173, September Term, 1981.]

*Decided January 5, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Jay Fred Cohen,* with whom were *Bruce R. Carter* and *Cohen, Benter, Liner & Carter* on the brief, for appellant.

*Joel Margolis* for appellee.

DAVIDSON, J., delivered the opinion of the Court.

This case presents the question whether exemptions from attachment provided by Maryland Code (1975, 1982 Cum. Supp.) § 15-601.1 of the Commercial Law Article apply to a wage lien for contractual spousal support ordered pursuant to Maryland Code (1957, 1981 Repl.Vol., 1982 Cum.Supp.), Art. 16, § 5B (b) (1). More particularly, the question is whether the trial court erred in ordering a wage lien in an amount in excess of 25 percent of the wages due.

Article 16, § 5B (b) (1) [1] provides in pertinent part:

"(b) . . . (1) If a court has ordered a person to pay for the *support of a spouse* or dependent child and the person is in arrears more than 30 days, on petition for a lien by the person or public agency to whom payment had been ordered, the court may order a

---

1. 1982 Md. Laws, ch. 322, effective 1 July 1982, amended Md. Code (1957, 1981 Repl.Vol.), Art. 16, § 5B (b) (1) without any change relevant here. That section provided in pertinent part:

"(b) . . . (1) If a court has ordered a person to pay for the support of a spouse or dependent child and the person is in arrears, on petition of the person to whom payment had been ordered and on a finding by the court that arrearages within the 24-month period immediately preceding submission of the petition equal a sum of two months payments, the court may order a lien on the earnings of the defaulting party, due or to be due, in an amount sufficient to pay the support ordered by the court. The court shall cause a copy of the order to be served immediately on the employer of the defaulting party."

At the time the trial court ordered the wage lien in the instant case, Md. Code (1957, 1981 Repl.Vol.), Art. 16, § 5B (b) (1) was applicable.

lien. The lien shall be in an amount sufficient to pay the support previously ordered by the court and may include any portion of the arrearages deemed appropriate by the court." (Emphasis added.)

Section 15-601.1 of the Commercial Law Article provides in pertinent part:

"(a) . . . *The following are exempt from attachment:*

"(1) Except as provided in item (2) of this subsection, the greater of:

"(i) The product of $120 multiplied by the number of weeks in which the wages due were earned; or

"(ii) *75 percent of the wages due. . . .*" (Emphasis added.)

The petitioner, Benjamin H. Blum (husband), and the respondent, Arlene G. Blum (wife), entered into a separation agreement on 15 December 1976. As amended on 15 March 1977, the agreement provided, among other things, that the husband pay the wife the expressly nonmodifiable amount of $175 per week for her support (contractual spousal support). On 24 March 1977, the husband was granted a divorce in the Dominican Republic. The divorce decree incorporated the separation agreement.

On 5 December 1978, the wife petitioned the Circuit Court for Baltimore County to enforce the separation agreement. On 21 December 1979, the trial court determined, among other things, that the amount of contractual spousal support was not modifiable, and that the husband was $13,700 in arrears. The trial court ordered the husband to pay the wife $175 per week. The husband appealed to the Court of Special Appeals. In an unreported opinion, that Court affirmed the trial court's judgment. *Blum v. Blum,* (No. 42, September Term, 1980, filed 22 September 1980). No petition for a writ of certiorari was filed in this Court.

Thereafter, the husband failed to make any contractual

138

spousal support payments. On 29 October 1980, the wife brought a contempt proceeding in the Circuit Court for Baltimore County. On 5 February 1981, in an oral opinion, the trial court found that the husband had a gross income of $800 per week, and that he was in arrears $24,225 in contractual spousal support. On 11 February 1981, the trial court entered an order that imposed a wage lien on the husband's income in the amount of $225 per week, consisting of $175 per week for the contractual spousal support, and $50 per week toward the arrearages. This amount was in excess of 25 percent of the wages due.

The husband appealed to the Court of Special Appeals. In an unreported opinion, that Court affirmed the judgment of the trial court. *Blum v. Blum,* (No. 379, September Term, 1981, filed 24 November 1981). The husband filed a petition for a writ of certiorari that we granted. We shall affirm the judgment of the Court of Special Appeals.

In *United States v. Williams,* 279 Md. 673, 370 A.2d 1134 (1977), this Court considered the question whether the exemptions from attachment established by the statutory predecessor to § 15-601.1 of the Commercial Law Article [2] were inapplicable to a wage lien ordered, pursuant to Art. 16, § 5B (b) (1), for the purpose of enforcing an award of alimony. This Court determined that the exemptions did not apply. There we said:

"Having determined that federal military retirement pay constitutes wages, the exemptions from attachment provided by § 15-602 (b) (1) (i) and (ii) are inapplicable, because the underlying obligation is for intra-familial support and the very purpose of the statutory exemptions is to protect a family from being deprived of all support by attachment proceedings brought by an outsider." *Williams,* 279 Md. at 678, 370 A.2d at 1137.

In *Pope v. Pope,* 283 Md. 531, 390 A.2d 1128 (1978), this

_____

**2.** 1980 Md. Laws, ch. 59, effective 1 July 1980, now appearing as § 15-601.1 of the Commercial Law Article, recodified Md. Code (1975) § 15-602 of the Commercial Law Article without any change relevant here.

Court considered the question whether Md. Code (1957, 1969 Repl. Vol.), Art. 95A, § 16 (c) prohibiting the attachment of unemployment insurance benefits was inapplicable to a claim for alimony. This Court applied the principle established in *Williams* and determined that the prohibitions did not apply. In reaching this result, we said:

> "The courts which accept the principle we adopted in *Williams* are simply recognizing that the legislative purpose underlying such statutes is the protection of the various types of benefits involved from the claims of creditors — not from the claim of a former wife for alimony, which often, as in Maryland, is not considered a debt." *Pope,* 283 Md. at 537, 390 A.2d at 1132.

Here, the question presented is whether the principle established in *Williams* applies when the wage lien is ordered, pursuant to Art. 16, § 5B (b) (1), for the purpose of enforcing an order to pay contractual spousal support, rather than an award of alimony. The husband contends that there is a distinction between alimony and contractual spousal support. He maintains that the obligation to pay alimony is a "duty growing out of the marital relation," whereas the obligation to pay contractual spousal support, founded upon mutual agreement, is not a duty, but "merely a debt." He concludes that because the wage lien here is ordered for the purpose of enforcing a debt, rather than a legal duty, the exemptions provided by § 15-601.1 of the Commercial Law Article apply. The wife contends that under Art. 16, § 5B (b) (1), there is no distinction between alimony and contractual spousal support. She maintains that contractual spousal support, like alimony, constitutes a duty, not a debt, and that both evolve from the same underlying obligation — the duty to provide intra-familial support. She concludes that, under these circumstances, the exemptions from attachment provided by § 15-601.1 do not apply to a wage lien ordered, pursuant to Art. 16, § 5B (b) (1), for the purpose of enforcing an order to pay contractual spousal support.

The cardinal rule of statutory construction is to ascertain the actual intent of the Legislature. The primary source from which to determine the intention of the Legislature is the language of the statute itself. *Haskell v. Carey,* 294 Md. 550, 556, 451 A.2d 658, 662 (1982). Where the language of a statute is unambiguous, it should be given effect in accordance with the clear meaning of the words. *Mauzy v. Hornbeck,* 285 Md. 84, 92-93, 400 A.2d 1091, 1096 (1979).

The language of Art. 16, § 5B (b) (1) is unambiguous. It authorizes a court to order a lien to pay previously ordered "support of a spouse," without reference to whether that support is contractual spousal support or alimony. Thus, the plain language of the statute establishes the Legislature's intent. Under Art. 16, § 5B (b) (1), there is no distinction between a wage lien ordered to enforce an order to pay contractual spousal support and one ordered to enforce an award of alimony.

This conclusion is supported by a 1950 amendment to the Maryland Constitution, Art. III, § 38, 1950 Md. Laws, ch. 14, ratified 7 November 1950. Before 1950, Maryland Constitution, Art. III, § 38 provided that "[n]o person shall be imprisoned for debt." Moreover, this Court had established that the obligation to pay alimony was not a debt, but "a duty growing out of the marital relation and resting upon a sound public policy," *Dickey v. Dickey,* 154 Md. 675, 681, 141 A. 387, 390 (1928), and therefore could be enforced by imprisonment, whereas the obligation to pay contractual spousal support, being founded upon mutual agreement and not upon a legal duty, could not be so enforced. *E.g., Dickey,* 154 Md. at 679-81, 141 A. at 389-90; *see Brown v. Brown,* 287 Md. 279-81, 412 A.2d 396, 399-400 (1980).

Maryland Constitution, Art. III, § 38, as amended in 1950,[3] provided:

---

3. 1962 Md. Laws, ch. 121, ratified 6 November 1962, amended Maryland Constitution, Art. III, § 38, without any change relevant here.

"No person shall be imprisoned for debt, but a valid decree of a court of competent jurisdiction or *agreement approved by decree of said court for the support of a wife* or dependent children, *or for alimony,* shall not constitute a debt within the meaning of this section." (Emphasis added.)

The effect of the 1950 constitutional amendment was considered by this Court in *Brown v. Brown,* 287 Md. 273, 412 A.2d 396 (1980). *See Speckler v. Speckler,* 256 Md. 635, 637, 261 A.2d 466, 467 (1970). Thus, in *Brown,* we said:

"The status of the law as interpreted by the decisions of this Court in the domestic relations area was materially changed by the adoption in 1950 and 1962 of amendments to section 38, which defined 'debt' as not including 'a valid decree of a court of competent jurisdiction or agreement approved by decree of said court for the support of a wife or dependent children, or for the support of an illegitimate child or children, or for alimony. . . .' . . . *These amendments abolished the longstanding technical distinctions between alimony on the one hand, and wife support and the support of dependent children, on the other, so that all three obligations now purport to be enforceable by attachment and imprisonment of the defendant. Furthermore, an agreement for support or alimony which is approved by a court of competent jurisdiction, is equated to a decree of such court, so that neither is a debt within the contemplation of the constitutional prohibition against imprisonment for nonpayment." Brown,* 287 Md. at 281-82, 412 A.2d at 401 (citations omitted) (emphasis added).

Given the fact that under Art. 16, § 5B (b) (1), no distinction is to be drawn between contractual spousal support and alimony, and the fact that the obligation to pay contractual spousal support, like the obligation to pay

alimony, is not a debt, but rather a duty to provide intra-familial support, we conclude that the principle established in *Williams,* 279 Md. at 678-79, 370 A.2d at 1137, is applicable here. Accordingly, we now hold that the exemptions from attachment provided by § 15-601.1 of the Commercial Law Article do not apply to a wage lien for contractual spousal support ordered pursuant to Art. 16, § 5B (b) (1).[4]

> *Judgment of the Court of Special Appeals affirmed.*
> *Costs to be paid by petitioner.*

---

4. We do not here consider the question whether a wage lien ordered pursuant to Art. 16, § 5B (b) (1) constitutes an attachment within the purview of § 15-601.1 of the Commercial Law Article.