690 A.2d 557

**Frank MILLER, et ux.**

v.

**BOARD OF EDUCATION OF CAROLINE COUNTY.**

No. 359, Sept.Term, 1996.

Court of Special Appeals of Maryland.

March 11, 1997.

Maurice S. Nelson, Cambridge, for Appellants.

Leslie Robert Stellman (Gail D. Allen and Blum, Yumkas, Mailman, Gutman & Denick, P.A., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and DAVIS and EYLER, JJ.

MURPHY, Chief Judge.

In this appeal from the *Circuit Court for Caroline County*, appellants present us with the following questions:

I.   Did the reviewing court err in affirming the decision of the State Board to affirm the local board's decision to uphold an expulsion where credible evidence was offered that the expulsion was undertaken without consideration of the child's handicap?

II.  Did the reviewing court err in affirming the decision of the State Board to affirm the local board's decision to uphold an expulsion where the record indicated that the only evidence offered in support of expulsion centered on the *student's own coerced admission?*

III. Did the reviewing court err in affirming the decision to uphold an expulsion where the proceedings revealed noncompliance with statutory authority concerning the investigation and disability assessment of students identified for expulsion?

We answer "no" to each of appellants' questions and affirm the judgment of the circuit court.

### FACTS

Appellants are the parents of a daughter ("the student") who attended North Caroline High School. In October of 1994, the student was questioned by school officials about whether she had possessed and used a controlled dangerous substance on school grounds. In response to that questioning, she made oral and written statements in which she admitted the possession and use.

On November 7, 1994, based on the student's admissions, she was expelled by the Caroline County School Superintendent. Appellants appealed that decision to the Caroline County Board of Education ("Local Board"). Following a hearing on December 6, 1994, a four member panel of the Local Board

voted to affirm the Superintendent's decision. Appellants then appealed that decision to the Maryland State Board of Education ("State Board"). The State Board, in turn, summarily affirmed the decision of the Local Board.

Appellants noted an appeal to the Circuit Court for Caroline County, arguing that (1) insufficient evidence existed to sustain the expulsion, and (2) the State Board made an erroneous finding that the Local Board had not violated the student's due process rights. The Honorable J. Owen Wise disagreed with those contentions and affirmed the decision of the State Board. This appeal followed.

### *Standard of Review*

■■■■ Because the State Board is an administrative body, specifically created by statute to administer the public education system in a comprehensive fashion, its decisions are afforded great deference. *See* Md.Code Ann., Educ. § 2–201 et seq. (1997 Repl.Vol.); *Hurl v. Board of Education,* 107 Md.App. 286, 299, 667 A.2d 970 (1995). When examining the factual findings of such an agency, the reviewing court is "limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions...." *United Parcel v. People's Counsel,* 336 Md. 569, 577, 650 A.2d 226 (1994). On questions of law, however, the reviewing court "may substitute its judgment for that of the [administrative agency]." *Gray v. Anne Arundel County,* 73 Md.App. 301, 309, 533 A.2d 1325 (1987). Appellants' inquiries involve mixed questions of law and fact.

### I.

Appellants first challenge the Local Board's determination that the student was not handicapped and therefore not entitled to the special statutory protections afforded to students with disabilities. Appellants' argument is two-fold: (a) the Local Board erroneously found that the student was not handicapped despite "an abundance of evidence" of her disability; and (b) the Local Board acted prematurely because,

before taking disciplinary action in this case, it should have referred the student to an admission, review, and dismissal ("ARD") committee. We agree with Judge Wise that there is no merit in either argument.

Section 7–305 of the Education Article provides, in pertinent part, that

> a student with a disability may not be removed from the student's current educational placement for more than 10 school days each school year unless:
>
> (i) The Admission, Review, and Dismissal Committee has determined that the conduct which prompted the disciplinary action was not a manifestation of the student's disability. . . .

Md.Code Ann., Educ. § 7–305(f) (1997 Repl.Vol.).[1] No provision of the Education Article explicitly defines "student with a disability." Section 8–401, however, defines the equivalent term, "handicapped child," as follows:

> "Handicapped child" means a child who has been determined through *appropriate assessment* as having temporary or long-term special educational needs arising from cognitive, emotional, or physical factors, or any combination of these, and whose ability to meet general educational objectives is impaired to a degree whereby the services available in the general education program are inadequate in preparing one to achieve his educational potential.

Md.Code Ann., Educ. § 8–401(a)(1) (1997 Repl.Vol.) (emphasis added). An appropriate assessment includes a referral to an ARD committee for a determination that a child "suspected" of having a disability does indeed meet that statutory definition. *See* COMAR 13A.05.01.05(B)–(D).

---

1. At the time this appeal was noted, § 7–305 was numbered 7–304 and the term "handicapped student" appeared where the term "student with a disability" now appears. Those changes were made in 1996. Neither the section redesignation nor the substitution of terms is of consequence to any of the issues before us. The parties and the circuit court used the term "handicapped student" rather than "student with a disability." In this opinion, those terms have the very same operative effect.

■ Judge Wise concluded that, despite evidence indicating that the student suffered from Attention Deficit Hyperactivity Disorder ("ADHD"), she had not been previously classified as handicapped, and should not benefit from the procedural protections of Md.Code Ann., Educ. § 7–305(f). We agree with that conclusion. While the procedural safeguards of § 7–305(f) must be applied to every student who has been classified as a "handicapped child," nothing in that statute—or in any other law—requires that disciplinary proceedings must come to a halt upon a parent's request that the student be referred to an ARD Committee for a disability assessment.[2]

## II.

Appellants next contend that the circuit court erred in affirming the decision of the State Board because the student's alleged disciplinary infraction was not supported by substantial evidence. Appellants specifically assert that the student's statements to school administrators were coerced and, absent other corroborative evidence, did not constitute sufficient grounds for expulsion. Our review of the record reveals that the Local Board had before it ample evidence that supported the sanction imposed.

■ Appellants contend that school officials violated the "spirit" of Md.Code Ann., Educ. § 7–410 when they obtained statements from the student. It is true that § 7–410(a) prohibits the use—in any proceeding—of statements made by a student *seeking* drug counseling. The provisions of § 7–410(a) are clearly inapplicable in the present case, in which it was the school officials who initiated contact with a student under investigation.

---

**2.** Applicable federal provisions do not require a different result. *See, e.g.,* 20 U.S.C. § 1401(a)(1)(A) and 1415 (1994). Judge Wise's analysis was similar to case law interpreting the Americans with Disabilities Act of 1990, under which an employee cannot raise a disability as a defense *after* disciplinary proceedings have concluded. *See e.g., Maddox v. University of Tennessee,* 62 F.3d 843 (6th Cir.1995) (employee's termination after arrest for drinking and driving upheld although employee asserted, after termination, that he suffered from disabling alcoholism).

■ When initially approached by school officials, the student admitted to possessing and using a controlled dangerous substance while on school grounds. She confirmed this oral statement in a subsequent written statement given to her principal. In addition, while represented by counsel, the student testified before the Local Board. During her testimony, she stated that she had in fact possessed and used a controlled dangerous substance on school grounds on the day in question. Those admissions were corroborated by her father and the attorney who represented her before the Local Board. In fact, the student's attorney began his opening statement before the Local Board by stating: "[The student] took LSD. That is a given." We concur with Judge Wise's conclusion that

> [a] statement to a school official in the course of an investigation, and under circumstances as serious as these, would be accepted and relied on by reasonable persons. [The student] had the opportunity to retract or mitigate the statements before the [Local] Board or to rebut them at that hearing. She knew of the gravity of her situation, as well as the possible penalties. [The student] was given a complete chance to explain her statements and actions at the hearing and chose to affirm them. Her reiteration ... only enhances their reliability and acceptability.

The decision of the Local Board was supported by substantial evidence.

### III.

Appellants also allege deprivations of due process. Appellants contend that the underlying investigation surrounding the student's alleged infraction was fundamentally flawed because school officials did not notify appellants before conferring with the student, and that the Local Board's noncompliance with disability assessment procedures constituted arbitrary action. There is no merit in either of those contentions.

■ In the school discipline context, procedural due process required only that the student be provided with (1) notice of charges against her and (2) a chance to explain her version of the contested event. *See Goss v. Lopez,* 419 U.S. 565, 581, 95 S.Ct. 729, 739–40, 42 L.Ed.2d 725 (1975) (students facing ten-day suspension entitled to effective notice and some sort of informal hearing). The student was given notice of the charges and had multiple opportunities to explain her conduct.

■ Appellants complain about the timing of the parental notification, but have not provided any support for their assertion that parents must be notified before an investigation can begin. Absent any authority for the proposition that such a requirement exists, and in light of the deference traditionally afforded those administering the public education system, we concur in Judge Wise's approval of the Local Board's actions.

■ Finally, as to appellants' claim that the Local Board failed to comply with disability assessment procedures, we agree with Judge Wise that the Local Board was neither clearly erroneous nor unreasonable in refusing to stay the disciplinary proceedings until an ARD committee had resolved appellants' claim that the student was a handicapped child.[3]

**JUDGMENT AFFIRMED; APPELLANTS TO PAY COSTS.**

---

**3.** This case does not present the question of what action is required of the school system when, while disciplinary proceedings are underway, an ARD committee determines that the student was suffering from a disability during the period of time that he or she engaged in the conduct for which the disciplinary action has been initiated.