486 A.2d 174

**STATE of Maryland**

v.

**INTERCONTINENTAL, LTD. et al.**

**No. 63, Sept. Term, 1984.**

Court of Appeals of Maryland.

Jan. 9, 1985.

Motion for Reconsideration Denied Feb. 22, 1985

Dale P. Kelberman, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellant.

Arnold M. Weiner and D. Christopher Ohly, Baltimore (Kaye A. Allison and Melnicove, Kaufman, Weiner & Smouse, P.A., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

MURPHY, Chief Judge.

The issue in this case is whether Maryland Code (1957, 1982 Repl.Vol., 1984 Cum.Supp.), Article 27, § 551(a) authorizes a Maryland judge to issue a warrant to search for and seize evidence which, although located within the judge's territorial jurisdiction, pertains to violations of another state's penal laws. Section 551(a) provides in pertinent part:

> "Whenever it be made to appear to any judge of any of the circuit courts in the counties of this State, or to any judge of the District Court, by written application signed and sworn to by the applicant, accompanied by an affidavit or affidavits containing facts within the personal knowledge of the affiant or affiants, that there is probable cause, the basis of which shall be set forth in said affidavit or affidavits, to believe that any misdemeanor or felony is being committed by any individual or in any building, apartment, premises, place or thing within the territorial jurisdiction of such judge, or that any property subject to seizure under the criminal laws of the State is situated or located on the person of any such individual or in or on any such building, apartment, premises, place or thing, then the judge may forthwith issue a search warrant directed to any duly constituted policeman, or police officer authorizing him to search such suspected individual, building, apartment, premises, place or thing, and to

seize any property found liable to seizure under the criminal laws of this State ...."

## I

In a twenty-one page application for a search warrant, the affiants—a Maryland State Trooper and a New Jersey State Police Detective—alleged that probable cause existed to believe that Intercontinental Limited, a company with offices in Baltimore County, and its President, Sigmund Kassap, were engaged in unlawful activities violative of New Jersey criminal statutes relating to conspiracy, theft by deception and unlawful employment under the New Jersey Casino Control Act. The application also set forth detailed allegations from which the affiants concluded that probable cause existed to believe that evidence of such crimes, in the form of various specified records, was located upon Intercontinental's Baltimore County premises.

A District Court judge sitting in Baltimore County issued the search warrant; it recited that probable cause existed to believe that Intercontinental and Kassap were violating the criminal laws of New Jersey and that evidence of such violations was located at Intercontinental's offices in Baltimore County. The warrant was subsequently executed and resulted in the seizure of Intercontinental's records.

Intercontinental and Kassap (hereafter collectively referred to as Intercontinental) filed petitions in the Circuit Court for Baltimore County, seeking the return of the seized records. The petitions claimed that the search warrant was void because Maryland judges were without power to authorize searches and seizures for evidence of alleged criminal offenses committed in other states. The trial judge (Fader, J.) agreed with Intercontinental and ordered that all records seized under the warrant be returned. The court said:

> "[T]he legislative directive [is] that it is only Maryland crimes or property subject to seizure under Maryland law

with which the authority [to issue a search warrant] must be associated.

"New Jersey law cannot be violated within the jurisdiction of this court. There is no property subject to seizure under the criminal laws of Maryland."

The State appealed; it contended that nothing in the statute limited the issuance of a search warrant to offenses committed under the law of Maryland. We granted certiorari prior to decision by the Court of Special Appeals to consider the issue of first impression raised in the case.

## II

A search warrant is in the nature of criminal process; its primary purpose is to aid in the detection and suppression of crime and to obtain evidence for use in criminal prosecutions. *Givner v. State*, 210 Md. 484, 124 A.2d 764 (1956); *People v. York*, 29 Ill.2d 68, 193 N.E.2d 773 (1963); *State v. Buxton*, 238 Ind. 93, 148 N.E.2d 547 (1958); *State v. Bullard*, 267 N.C. 599, 148 S.E.2d 565 (1966), *cert. denied*, 386 U.S. 917, 87 S.Ct. 876, 17 L.Ed.2d 789 (1967); 1 *Wharton's Criminal Procedure* § 147 (12th ed. 1974). The issuance of a search warrant is collateral to a criminal prosecution; its execution may or may not result in placing a charge against the individual in whose possession the seized property is found. 1 J. Varon, *Searches, Seizures and Immunities*, ch. 5, at 274–75 (2nd ed. 1974); *Bevington v. United States*, 35 F.2d 584 (8th Cir.1929), *cert. denied*, 281 U.S. 721, 50 S.Ct. 237, 74 L.Ed. 1140 (1930); *Sugar Valley Land Co. v. Johnson*, 17 Ala.App. 409, 85 So. 871 (1920).

Search warrants were recognized at common law; however, their use, as in Maryland, was limited to searching for stolen property. *Griffin v. State*, 232 Md. 389, 194 A.2d 80 (1963); *Gattus v. State*, 204 Md. 589, 105 A.2d 661 (1954); *In Re Special Investigation No. 228*, 54 Md.App. 149, 458 A.2d 820 (1983). Statutory authority was generally required to issue search warrants for property other than stolen goods. *Griffin, supra; Givner v. Cohen*, 208 Md.

23, 116 A.2d 357 (1955); *Sugarman v. State,* 173 Md. 52, 195 A. 324 (1937); *In Re Special Investigation No. 228, supra.*

Section 551(a) was enacted by ch. 306 of the Acts of 1939. To ascertain and effectuate the actual legislative intention in enacting any statute is, of course, the cardinal rule of statutory interpretation. *Sites v. State,* 300 Md. 702, 481 A.2d 192 (1984). In this regard, the primary source of legislative intent is the language of the statute itself. *Blum v. Blum,* 295 Md. 135, 453 A.2d 824 (1983). Where the statutory provisions are unambiguous, no construction is required, *In Re Arnold M.,* 298 Md. 515, 471 A.2d 313 (1984), so that a plainly worded statute must be construed without forced or subtle interpretations designed to extend or limit the scope of its operation. *Guy v. Director,* 279 Md. 69, 367 A.2d 946 (1977). But where a statute is plainly susceptible of more than one meaning, construction is required; in such circumstances, courts may consider not only the literal or usual meaning of words, but their meaning and effect in light of the setting, the objectives and purpose of the enactment. *Hornbeck v. Somerset Co. Bd. of Educ.,* 295 Md. 597, 458 A.2d 758 (1983); *State v. Fabritz,* 276 Md. 416, 348 A.2d 275 (1975). Considering the particular use and association of words in § 551(a), we think a doubt or ambiguity exists as to the exact application and reach of the statute's provisions. Thus, in construing § 551(a), we may take into account the principles of law in force at the time of the statute's passage. *Lutz v. State,* 167 Md. 12, 172 A. 354 (1934); *Greenwood v. Greenwood,* 28 Md. 369 (1868). And we may also consider the consequences of a proposed construction and adopt that construction which avoids an illogical or unreasonable result, or one which is inconsistent with common sense. *Bailey v. Woel,* 302 Md. 38, 485 A.2d 265 (1984) [No. 111, September Term, 1983, decided December 26, 1984]; *Frank v. Baltimore County,* 284 Md. 655, 399 A.2d 250 (1979).

■ We have said that under § 551(a) a search warrant may issue only to search individuals, places and things "within the territorial jurisdiction" of the issuing judge. *See Dow v. State,* 207 Md. 80, 113 A.2d 423 (1955); *Asner v. State,* 193 Md. 68, 65 A.2d 881 (1949); *Frank v. State,* 189 Md. 591, 56 A.2d 810 (1948). To justify the issuance of such a warrant, the statute appears to require that probable cause first be shown that "any misdemeanor or felony" is being committed; that it is being committed by a person, or in a place or thing within the territorial jurisdiction of the issuing judge; and that in connection therewith "property" subject or liable to seizure "under the criminal laws of this State" is located upon the individual or at the place or thing to be searched. *See Gattus v. State,* 204 Md. 589, 105 A.2d 661 (1954); *Salmon v. State,* 2 Md.App. 513, 235 A.2d 758 (1967).

The State maintains that the jurisdictional predicate for the issuance of a search warrant is not the location of the crime alleged, but the location of the person, place or thing to be searched, which must be within the territorial jurisdiction of the issuing judge. It says that the phrase "within the territorial jurisdiction of such judge" in § 551(a) modifies the individual, place or thing to be searched, rather than the "any misdemeanor or felony" language of the statute. Intercontinental, on the other hand, urges us to conclude, as did the lower court, that § 551(a) authorizes the issuance of a search warrant only upon a showing of probable cause to believe that the "criminal laws of the State" have been or are being violated. It says that § 551(a) "begins and ends with the laws of this State, and not with the law of any other."

In 1939, when § 551(a) was enacted, the right to search for and seize property under a search warrant was subject to the "mere evidence rule," which required the State to establish a superior property right in the evidence sought to be seized. *See Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); *Gouled v. United States,* 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921). Under this rule,

the State was only entitled to search for and seize the fruits of crime (i.e. stolen goods), instrumentalities of crime and contraband because, as to these, the State could establish a property right superior to that of the possessor.[1] Thus, as Judge Moylan observed for the Court of Special Appeals in *In Re Special Investigation No. 228, supra,* 54 Md.App. at 170, 458 A.2d 820, the State, in 1939 when § 551(a) was enacted, could not lawfully seize "mere evidence" of crime, even under a search warrant, because there was no known theory under which the State could assert a superior property right.[2] While the Supreme Court abandoned the mere evidence rule in its 1967 decision in *Warden v. Hayden,*[3] we

---

1. In *Warden v. Hayden, supra,* 387 U.S. at 303, 87 S.Ct. at 1648, the Court said: "Historically the right to search for and seize property depended upon the assertion by the Government of a valid claim of superior interest, and that it was not enough that the purpose of the search and seizure was to obtain evidence to use in apprehending and convicting criminals."

2. In *Gouled v. United States, supra,* 255 U.S. at 309, 41 S.Ct. at 265, the Supreme Court held that search warrants "may not be used as a means of gaining access to a man's house or office and papers solely for the purpose of making search to secure evidence to be used against him in a criminal or penal proceeding." It said that warrants "may be resorted to only when a primary right to such search and seizure may be found in the interest which the public or the complainant may have in the property to be seized, or in the right to the possession of it, or when a valid exercise of the police power renders possession of the property by the accused unlawful and provides that it may be taken" *id.* (i.e., when the property is an instrumentality or fruit of crime, or contraband).

3. The Court said in that case:
 "The requirement that the Government assert in addition some property interest in material it seizes has long been a fiction, obscuring the reality that government has an interest in solving crime.... The requirements of the Fourth Amendment can secure the same protection of privacy whether the search is for 'mere evidence' or for fruits, instrumentalities or contraband. There must, of course, be a nexus—automatically provided in the case of fruits, instrumentalities or contraband—between the item to be seized and criminal behavior. Thus in the case of 'mere evidence,' probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction. In so doing, consideration of police purposes will be required." 387 U.S. at 306–07, 87 S.Ct. at 1649–50.

think it most likely that the phrase "property subject to seizure ... or liable to seizure under the criminal laws of this State"—as used in the 1939 enactment of § 551(a)—reflected the legislative understanding of the limits of search and seizure under the criminal law of Maryland, imposed by the then prevailing mere evidence rule.[4]

Viewing § 551(a) in its historical context, we think the phrase "under the criminal laws of this State" is not offense related but rather modifies and refers only to "property" subject or liable to seizure. Nothing in the words of § 551(a), therefore, limits the property subject or liable to seizure to that solely associated with the commission of Maryland offenses. In other words, the only jurisdictional requirement imposed by § 551(a) is that the property to be seized be located within the territorial jurisdiction of the issuing judge. It is not essential that the crime alleged in the application for the search warrant be committed within the judge's territorial jurisdiction. Were it otherwise, a judge in one Maryland county where property is located and subject to seizure would be powerless to issue a search warrant if the crime was committed in another county of the State. In broadly authorizing the issuance of a search warrant for "any misdemeanor or felony," the statute did not distinguish between crimes committed within or without the State. To otherwise conclude would unreasonably and illogically ascribe to the legislature an intention to provide a sanctuary within this State's borders to shelter evidence of crime from search warrant seizure simply because the crime was not committed in Maryland. To permit such a seizure of evidence located within this State is not to violate the rule that Maryland may not enforce the criminal

---

4. Maryland law no longer restricts the type of property which is subject to seizure. We have adopted the *Warden v. Hayden* formulation that fruits or instrumentalities of a crime, contraband, or mere evidence is property subject to seizure under the law of Maryland. *See State v. Boone*, 284 Md. 1, 11, 393 A.2d 1361 (1978); *State v. Wilson*, 279 Md. 189, 196, 367 A.2d 1223 (1977).

laws of another State by convicting a person of crime committed beyond its territorial boundaries. *See Bowen v. State,* 206 Md. 368, 111 A.2d 844 (1955); *Worthington v. State,* 58 Md. 403 (1882). As we earlier observed, a search warrant serves a limited function in aiding in the detection and suppression of crime. The issuance of such process is collateral to a criminal prosecution, usually preceding it, and does not itself result in the conviction of any person of a crime.

Most state statutes, like § 551(a), do not expressly limit the issuance of search warrants to intrastate offenses.[5] Three states expressly permit search warrants to be issued for evidence of crimes committed in other states.[6] Only one

---

5. *See* Alaska Stat. § 12.35.020 (1984); Ariz.Rev.Stat.Ann. § 13–3912 (1978, 1983–84 Cum.Supp.); Ark.Stat.Ann. § 43–205 (1977); Conn. Gen.Stat. § 54–33a (West 1960, 1984 Supp.); Del.Code Ann. tit. 11, § 2305 (1979); District of Columbia Code Ann. § 23–521(d) (1973); Fla.Stat.Ann. § 933.02 (West 1973, 1984 Supp.); Ga.Code Ann. § 17–5–21 (1982) (all evidence except "private papers"); Hawaii Rev.Stat. § 803–32 (1976); Ill.Ann.Stat. ch. 38, § 108–3 (Smith-Hurd 1980); Ind.Code Ann. § 35–33–5–1 (Burns 1979, 1984 Cum.Supp.); Iowa Code Ann. § 808.2 (West 1979); La.Code Crime Proc.Ann. art. 161 (West 1967); Me.R.Crim.P. 41(b) (1984); Mich.Comp.Laws Ann. § 780.652 (West 1982); Minn.Stat.Ann. § 626.07 (West 1983); Mo. Ann.Stat. § 542.271 (Vernon 1953, 1984 Cum.Supp.); Neb.Rev.Stat. § 29–813 (1979); Nev.Rev.Stat. § 179.035 (1981); N.H.Rev.Stat.Ann. § 595–A:1 (1974); N.Y.Crim.Proc.Law § 690.10 (Consol.1971); N.C. Gen.Stat. § 15A–242 (1983); N.D.R.Crim.Proc. 41(b) (1983 Cum. Supp.); Or.Rev.Stat. § 133.535 (1983); R.I.Gen.Laws § 12–5–2 (1981); S.C.Code Ann. § 17–13–140 (Law.Co-op.1977); S.D.Codified Laws Ann. § 23A–35–3 (1979); Tex.Stat.Ann. art. 18.02 (Vernon 1977, 1984 Cum.Supp.) (any property constituting evidence of an offense, except "personal writings"); Utah Code Ann. § 77–23–2 (1982); Vt.R.Crim. Proc. 41(b) (1983); Va.Code § 19.2–53 (1983); Wash.Rev.Code Ann. § 10.79.015(3) (1980) (limited to evidence related to any homicide or any felony); Wis.Stat.Ann. § 968.13 (West 1971, 1983–84 Cum.Supp.).

6. *See* Colo.Rev.Stat. § 16–3–301 (1978) (expressly covers evidence related to the "criminal prosecution in this state or in another state"); Kan.Crim.Proc.Code Ann. § 22–2502 (Vernon, 1981) (expressly includes evidence "of a crime under the laws of ... any other state"); N.J.Rules, Rule 3:5–2 (covering any property constituting evidence of a "violation of the penal laws of this State or any other state"). *See In re Morgenthau,* 188 N.J.Super. 303, 457 A.2d 472 (1983).

state appears to expressly limit the issuance of a search warrant to intrastate crimes. Mont.Code Ann. §§ 46–5–203 and 46–1–201(7) (1983). Consistent with that state's statute, the court in *State v. Kelly*, 668 P.2d 1032 (Mont.1983) held that if the crime alleged in the search warrant application was committed in another state, "the Montana magistrate would have been without jurisdiction to issue a warrant." *Id.* at 1040. Closer on point is *Hughes v. United States*, 429 A.2d 1339 (D.C.App.1981). There, the District of Columbia Court of Appeals upheld a lower court order authorizing the search for and seizure within the District of bullets lodged in the defendant's body, which constituted evidence relating to an armed robbery believed to have been committed by the defendant in Maryland. The search warrant statute in that jurisdiction, D.C.Code Ann., § 23–521(d)(4) (1973), authorized the seizure of property which "constitutes evidence of or tends to demonstrate the commission of an offense or the identity of a person participating in the commission of an offense." While no jurisdictional issue was raised in the case, the court held that "the statute is broad enough to encompass the ruling of the trial court . . . ." 429 A.2d at 1341.

 In the final analysis, we conclude that the legislature, in enacting § 551(a), did not intend to limit its application to evidentiary seizures involving only intrastate crimes.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION; COSTS TO ABIDE THE FINAL RESULT.