498 A.2d 1195

**William M. BLANDON**

v.

**STATE of Maryland.**

**No. 21, Sept. Term, 1985.**

Court of Appeals of Maryland.

Oct. 22, 1985.

Gary S. Offutt, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

COUCH, Judge.

William Blandon, appellant, was convicted of attempted rape in the second degree on January 11, 1984 in the Circuit Court for Baltimore City. Pursuant to Maryland Code (1957, 1982 Repl.Vol., 1984 Cum.Supp.), Art. 27, § 643B(c),[1]

---

1. Maryland Code (1957, 1982 Repl.Vol., 1984 Cum.Supp.), Art. 27, § 643B(c) provides:

    "(c) *Third conviction of crime of violence.*—Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11. A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion."

he was sentenced to twenty-five years imprisonment without possibility of parole.[2] The Court of Special Appeals affirmed his conviction and sentence in *Blandon v. State,* 60 Md.App. 582, 483 A.2d 1320 (1984). We granted Blandon's petition for a writ of certiorari to eliminate yet another alleged ambiguity arising under Maryland's enhanced penalty statute for repeat offenders.

The sole issue presented by this appeal is whether second degree rape constitutes a "crime of violence" as defined in Art. 27, § 643B(a). We hold that appellant's crime is within the purview of that statute. Accordingly, we affirm the judgment of the Court of Special Appeals.

Blandon argues that § 643B(a) is ambiguous and that this ambiguity must be resolved in his favor. "Crime of violence" is defined in this section as follows:

"(a) *Crime of violence.*—As used in this section, the term 'crime of violence' means abduction; arson; burglary; daytime housebreaking under § 30(b) of this article; kidnapping; manslaughter, except involuntary manslaughter; mayhem and maiming under §§ 384, 385, and 386 of this article; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a felony or other crime of violence; an

---

**2.** The defendant was previously convicted of the following crimes of violence:

(a) Robbery—Indictment No. 57501206—Convicted on December 3, 1975 in the Criminal Court of Baltimore City—Sentenced to the Department of Correction for a term of six (6) years.

(b) Robbery—Indictment No. 57501210—Convicted on December 3, 1975 in the Criminal Court of Baltimore City—Sentenced to the Department of Correction for a term of six (6) years concurrent with Indictment No. 57501206.

(c) Assault in the Second Degree with Intent to Commit Rape in the First Degree—Convicted on November 29, 1966 in State of New York—Sentenced to New York Correctional Department for a term of not less than two and one-half (2½) years and not more than five (5) years.

attempt to commit any of the aforesaid offenses; assault with intent to murder; and assault with intent to rape." Maryland Code (1957, 1982 Repl.Vol., 1984 Cum.Supp.).

The alleged ambiguity arises because the legislature was degree specific as to which sexual offenses constitute "crimes of violence" but did not specify or distinguish among degrees of rape in the same context. Appellant maintains that this doubt should be resolved by our finding that the term "rape" as used in § 643B(a) encompasses only first degree rape. We disagree.

As we have stated time and again, in cases of ambiguity or doubt, a statute must be construed to effectuate the real and actual intention of the legislature. *See State v. Intercontinental, Ltd.*, 302 Md. 132, 137, 486 A.2d 174 (1985). Moreover, rules of statutory construction require us to avoid construing a statute in a way which would lead to absurd results. *Holy Cross Hosp. v. Maryland Empl. Sec.*, 288 Md. 685, 698–99, 421 A.2d 944 (1980); *Coerper v. Comptroller*, 265 Md. 3, 6, 288 A.2d 187 (1972). In other words, we should reject a proposed statutory interpretation if its consequences are inconsistent with common sense. *State v. Intercontinental, Ltd., supra*, 302 Md. at 137, 486 A.2d 174; *Bailey v. Woel*, 302 Md. 38, 43, 485 A.2d 265 (1984).

A comparison of Maryland's rape and sexual offense statutes reveals that an adoption of appellant's position would lead to precisely the absurd results we are compelled to avoid. Second degree rape is statutorily defined in Art. 27, § 463 as follows:

"(a) *What constitutes.*—A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:

(1) By force or threat of force against the will and without the consent of the other person; or

(2) Who is mentally defective, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is

mentally defective, mentally incapacitated, or physically helpless; or

(3) Who is under 14 years of age and the person performing the act is at least four years older than the victim.

(b) *Penalty.*—Any person violating the provisions of this section is guilty of a felony and upon conviction is subject to imprisonment for a period of not more than 20 years."

Maryland Code (1957, 1982 Repl.Vol.).

The elements of a second degree sexual offense are also set forth in article 27. Section 464A(a) defines this crime and states:

"(a) *What constitutes.*—A person is guilty of a sexual offense in the second degree if the person engages in a sexual act with another person:

(1) By force or threat of force against the will and without the consent of the other person; or

(2) Who is mentally defective, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is mentally defective, mentally incapacitated, or physically helpless; or

(3) Under 14 years of age and the person performing the sexual act is four or more years older than the victim.

(b) *Penalty.*—Any person violating the provisions of this section is guilty of a felony and upon conviction is subject to imprisonment for a period of not more than 20 years."

Maryland Code (1957, 1982 Repl.Vol.).

As can be seen, the two crimes are virtually identical in their elements and potential penalties. The only distinction is that second degree rape requires an act of vaginal

intercourse while the second degree sexual offense is based on the commission of a sexual act.[3]

As the State correctly points out, an adoption of appellant's position would result in enhanced punishment being meted out to the defendant who by force or threat of force, against the will and without the consent of the victim engaged in a "sexual act" but not to the defendant who culminates the same conduct with an act of vaginal intercourse. We can not presume the legislature intended such disparate results.

Nor can we reconcile such illogical results with what we have determined to be the legislative intent behind § 643B. In *Hawkins v. State* this Court stated, "The purpose of [§ 643B] ... is to protect the public from assaults upon people and injury to property and to deter repeat offenders from perpetrating other criminal acts of violence...." 302 Md. 143, 148, 486 A.2d 179 (1985).

In our view, the conduct proscribed as a second degree sexual offense is no more violent or assaultive than that constituting second degree rape. Aside from the ultimate act, the behavior is the same; the standard penalty provisions of §§ 463(b) and 464A(b) are identical. Clearly, the legislature would not treat these offenses equally for purposes of regular sentencing and later distinguish among them when imposing enhanced penalties. If a statute is part of a general statutory scheme or system, the various sections must be read together to ascertain the true inten-

---

**3.** Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 461(e) defines "sexual act" as follows:

"(e) *Sexual act.*—'Sexual act' means cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Emission of semen is not required. Penetration, however slight, is evidence of anal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body if the penetration can be reasonably construed as being for the purposes of sexual arousal or gratification or for abuse of either party and if the penetration is not for accepted medical purposes."

tion of the legislature. *Mazor v. State, Dep't of Correction*, 279 Md. 355, 361, 369 A.2d 82 (1977).

Finally, though appellant would have us do so, we are unable to find any evidence of legislative intent contrary to our interpretation in the history of the enhanced penalty for repeat offenders provisions. As orginally enacted in 1975, section 643B defined a "crime of violence" as "abduction; arson; kidnapping; manslaughter, except involuntary manslaughter; mayhem; rape; and robbery; or an attempt to commit any of these offenses." 1975 Md.Laws Ch. 253. As of 1975, rape had not yet been statutorily divided into degrees. Hence, "rape" necessarily referred to common law rape.

However, in 1976 the General Assembly codified rape and other sexual offenses. Rape was divided into two degrees, while four degrees of sexual offenses were delineated. Maryland Code (1957, 1982 Repl. Vol.), Article 27, § 461 *et seq.* Contemporaneously, the legislature amended § 643B to include first and second degree sexual offenses as "crimes of violence." 1976 Md. Laws Ch. 611. Notably, third and fourth degree sexual offenses were not listed as "crimes of violence."

By limiting the degrees of sexual offenses which constitute "crimes of violence" to first and second degree and placing no similar qualifications on rape, the legislature has clearly implied an intent that no such limitations be placed on rape for purposes of imposing mandatory sentences under § 643B. In keeping with this intent, we hold that rape in the second degree is a "crime of violence" for purposes of sentencing under § 643B. As appellant was convicted of attempted second degree rape, his third "crime of violence," we affirm his sentence of 25 years imprisonment without possibility of parole.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.