H. Harlan STONE, M.D.,
Plaintiff–Appellee,

The Baltimore Sun Company, Appellant,

v.

UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION; John Dennis; Morton I. Rapoport; Edward Brandt, Jr.; Susan Gillette; Mary Humphries, Defendants–Appellees,

Maryland Hospital Association, Inc.; American Hospital Association, Amici Curiae,

Frederick K. Toy, M.D.; Walter Pegoli, M.D., Appellees,

and

University of Maryland; University of Maryland School of Medicine, Defendants.

No. 89–1023.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1989.

Decided Oct. 31, 1991.

As Amended Nov. 21, 1991.

Mary R. Craig, argued (James J. Doyle, on brief), Doyle & Craig, P.A., Baltimore, Md., for appellant.

Diana Gribbon Motz, Frank, Bernstein, Conaway & Goldman, argued (Shale D. Stiller, Frank, Bernstein, Conaway & Goldman, J. Joseph Curran, Jr., Atty. Gen., Ralph S. Tyler, Asst. Atty. Gen., Donald L. DeVries, Jr., Craig B. Merkle, Goodell, DeVries, Leech & Gray, M. King Hill, and John R. Penhallegon, Smith, Somerville & Case, on brief), Baltimore, Md., for appellees.

Michael F. Anthony, Lawrence E. Singer, Ila S. Rothschild, Paul A. Hattis, Jeffrey M. Teske, American Hosp. Ass'n, Chicago, Ill., on brief, for amicus curiae American Hosp. Ass'n.

Andrew Radding, Jerome G. Geraghty, Francine R. Strauss, Blades & Rosenfeld, P.A., Baltimore, Md., on brief, for amici curiae Maryland Hosp. Ass'n.

Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.

## OPINION

ERVIN, Chief Judge:

The Baltimore Sun Company ("the Sun") appeals the district court's seal order denying the Sun access to medical evaluation materials arising from the peer review committee investigation of Dr. H. Harlan Stone at the University of Maryland School of Medicine. The district court held that these materials fall within the statutory protection of § 14-601 of the Health Occupations Article of the Maryland Code ("§ 14-601") and therefore could be protected from public access. For the reasons which follow, we reverse and remand.

### I.

The facts underlying this case revolve around the resignation of Dr. H. Harlan Stone, a Professor of Surgery at the University of Maryland School of Medicine. Malpractice actions had been filed against Stone, the hospital and several other doctors. After peer review committee investigations, Stone resigned from his position at the Medical System and Medical School. In November 1986, Stone filed an action against, *inter alia*, the University of Maryland Medical System Corporation ("the University") under 42 U.S.C. § 1983. This suit, filed in federal district court, District of Maryland, alleged that he was involuntarily terminated in violation of his right to due process. *See Stone v. University of Maryland Medical System*, 855 F.2d 167 (4th Cir.1988) (hereinafter *"Stone I"*).

All the defendants in the case filed a motion for summary judgment on July 10, 1987, attaching various exhibits, including excerpts from minutes of the medical review committees which had undertaken the peer review investigation of Stone. The district court, at the request of all parties, entered an order on July 23, 1987 directing that the record in the case, with the exception of the Complaint, Amended Complaint and Answers, be placed under seal. On August 14, 1987, Stone filed an opposition to the motion for summary judgment and attached to that opposition an exhibit which consisted of a peer review document. In October 1987, the district court granted defendants' motion for summary judgment, and Stone appealed to the United States Court of Appeals for the Fourth Circuit.

In December 1987, the Sun was allowed to intervene, and it moved to vacate the seal order. Appellees Dr. Frederick K. Toy

and Dr. Walter Pegoli, who had been sued in some of the malpractice actions involving Stone, were also allowed to intervene to oppose the Sun's motion. The Fourth Circuit upheld the District Court's grant of summary judgment to the defendants, *Stone I*, 855 F.2d 167, and remanded the case to the district court to reconsider the appropriateness of the seal order in accordance with the procedures established in *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir.1984). *Stone v. University of Maryland Medical System*, 855 F.2d 178 (4th Cir.1988) (hereinafter *"Stone II"*). Specifically, the court instructed the district court "to give the public notice of a request to seal and a reasonable opportunity to challenge it" by docketing the motion "reasonably in advance of deciding the issue." [1] *Id.* at 181.

On remand, the district court issued an order modifying the July 23, 1987 seal order. This order lifted the seal order on all but three documents consisting of peer review material. Two of those documents were attached as exhibits to the defendants' motion for summary judgment, and the third was attached as an exhibit filed by Stone in opposition to that motion. The court's "Order Modifying Seal Order" concluded that (1) the three documents remaining under seal did come within the statutory protection of § 14–601; (2) a compelling government interest in "protecting the confidentiality of medical review records in order to foster effective, thorough, frank, and uninhibited exchange among peer review committee members so that quality patient care can be ensured ... outweigh[ed] the Sun's first amendment right of access to these records"; (3) the statutory immunity provided to these documents had not been waived; and (4) the modification is "narrowly tailored and there is no less drastic, effective alternative to it."

The Sun then appealed this denial of its access to those three documents. It asserts that section 14–601 did not apply to peer review committee records when they are filed with the court in support of, or in opposition to, a motion for summary judg-

ment. After receiving briefs and hearing oral arguments by the parties, we issued an order on March 23, 1990, certifying the following question to the Court of Appeals of Maryland:

> Does section 14–601(d) of the Maryland Health Occupations Article, Annotated Code of Maryland, bar press access to confidential records of a hospital's peer review committee when they are discoverable under section 14–601(e) and have been filed with and considered by the court in connection with a dispositive motion such as a motion for summary judgment?

The Maryland Court of Appeals agreed to address this issue and answered our question on January 23, 1991, as follows:

> Consequently, in answer to the question of state law certified to us, § 14–601(d) does not bar press access to confidential records of a hospital's peer review committee when they are discoverable under § 14–601(e) and have been filed with and considered by the court in connection with a dispositive motion such as a motion for summary judgment.

*Baltimore Sun v. University*, 321 Md. 659, 584 A.2d 683 (1991).

In explaining its holding, the Maryland Court of Appeals stated, in part:

> The § 14–601(e)(1) exception to the broad statutory protection afforded by § 14–601(d) makes plain, however, that that protection has no application in a civil action initiated, as here, by a physician who is the subject (a party to the proceedings) of the medical review committee. In such limited circumstances, therefore, medical review committee records are not insulated from either discovery or admissibility in evidence in a civil action. Undoubtedly, the exception is premised on the due process rights of a physician aggrieved by the decision of the medical review committee. Nor does the exception, when applicable, foreclose all rights of public access to the otherwise confidential committee proceedings, records and files. Indeed, nothing in the statute even remotely suggests that once

---

1. In the present appeal, appellants do not object to the district court's procedures on remand.

the committee records are properly subjected to pretrial discovery, and may be admitted in evidence in the course of the civil action, that somehow, except as between the parties in the civil action, they remain insulated from public disclosure for all other purposes. While it may be that the § 14–601(e)(1) exception may to some extent "chill" the free exchange among committee members, this is solely a matter for the legislature to consider, if it deems it necessary to further limit the right of public access to committee materials in the interest of quality patient care.

Thus, under the certified facts in this case, we conclude that Dr. Stone had a right to discover the committee records and, in the course of the civil action, to introduce them in evidence where relevant. We note that for a period of some two weeks, during the pendency of the summary judgment motions, the records were not sealed and were thus available for public inspection. That the trial judge thereafter, on the motion of all parties and after weighing all competing considerations, may have acted lawfully when he sealed the medical review committee records, has no impact upon the proper interpretation of the § 14–601(e)(1) exception to the statutory protection afforded by § 14–601(d).

In so concluding, we have applied the elementary principle that a statute, plainly worded as in § 14–601(e)(1), must be construed without forced or subtle interpretations designed to limit its scope. *See, e.g., State v. Intercontinental, Ltd.,* 302 Md. 132, 137, 486 A.2d 174 (1985); *Hornbeck v. Somerset Co. Bd. of Educ.,* 295 Md. 597, 619, 458 A.2d 758 (1983). This is not a case that would reasonably permit a different interpretation after consideration of the purpose, aim or policy of the enacting body. *See, e.g., Kaczorowski v. City of Baltimore,* 309 Md. 505, 513, 525 A.2d 628 (1987); *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 73, 517 A.2d 730 (1986). In other words,

giving due regard to the principle that words in a statute must be read in a way that advances the legislative policy involved, *see Morris v. Prince George's Co.,* 319 Md. 597, 603–04, 573 A.2d 1346 (1990), there is no indication that the unequivocal words of § 14–601(e)(1) protect from discovery and admission in evidence committee records once a civil action is properly initiated by the physician.

*Id.* at 687, 688.

Based upon this well reasoned opinion from the Maryland court, which we gratefully adopt, we hold that the trial judge erred in sealing the medical review committee records from public inspection in this instance. Since on these facts § 14–601 contains no bar to press access, and Maryland has declined to set forth any interest of its own, compelling or otherwise,[2] against which first amendment interests might have to be balanced, we need proceed no further than to order that these records must be unsealed and we so find. Like the Maryland court, we limit our decision to the statute's exception to confidentiality to cases brought by a physician who was a subject of medical review proceedings, when those records are discoverable under § 14–601(e) and have been filed with and considered by a court in connection with a dispositive motion like a motion for summary judgment.

## II.

For all of these reasons, the decision of the district court is reversed and the case remanded to that court for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

**2.** In so ruling, we do not decide whether Maryland has a compelling governmental interest in protecting the confidentiality of medical review records under circumstances not identical with those presented in this civil action.