COLLOTON, Circuit Judge,
concurring in the judgment.
For the reasons set forth in Part II of the court’s opinion, the second search warrant at issue in this case was not so lacking in indicia of probable cause as to make official belief in its existence unreasonable. See also United States v. Falso, 544 F.3d 110, 128 (2d Cir.2008). The appellant did not challenge the seizure of his computers pursuant to the first warrant, and the prosecution did not rely on that warrant for any search, so it is unnecessary to consider any challenge to the first warrant.
The scope of the second search warrant raises an additional question. That warrant was issued by a Wisconsin judge and cited only Wisconsin criminal statutes, but law enforcement officers searched computers that had been recently seized in South Dakota and transported to Wisconsin. *997 Two circumstances nonetheless demonstrate that the officers acted in objectively reasonable good faith reliance on the second warrant in conducting that search. First, the warrant authorized a search for evidence of possession of child pornography, which is a violation of South Dakota law as well as Wisconsin law. See S.D.C.L. § 22-24A-8. Although the warrant cited only a Wisconsin statute, the Fourth Amendment does not require that a warrant include statutory citations to authorize a search for evidence of a described offense. See United States v. Hill, 55 F.3d 479, 481 (9th Cir.1995); United States v. Matya, 541 F.2d 741, 746-47 (8th Cir.1976). A reasonable officer thus could infer that the warrant authorized a search for evidence of a violation of South Dakota law as well. Second, an objectively reasonable officer could believe that a Wisconsin judge may authorize a search of property in Wisconsin for violations of South Dakota law. Wisconsin Statutes § 968.13, like most state statutes governing judicial authority, does not expressly limit the issuance of search warrants to intrastate offenses. See State v. Intercontinental, Ltd., 302 Md. 132, 486 A.2d 174, 178 (1985); 2 W. La Fave, Search and Seizure: A Treatise on the Fourth Amendment § 31.1(b), at 9 n. 28 (4th ed. 2004).
For these reasons, I concur in the judgment affirming the district court.